1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   MIGUELINA GARCIA, GERARDO          No.  14-cv-00904 JAM-KJN
     GARCIA, and CARLOS GARCIA,
12
                  Plaintiffs,
13                                      **ORDER DENYING DEFENDANT'S MOTION
          v.                            TO DISMISS**
14
     TERRA FIRMA FARMS, INC., a
15   corporation, D. CAMPOS, INC.,
     a corporation, EFRAIN SYLVA
16   CRUZ, an individual, and DOE
     1 through DOE 100, inclusive,
17
                  Defendants.
18

19        This matter is before the Court on Defendant D. Campos

20   Inc.'s ("Defendant's") Motion to Dismiss Plaintiff's Eleventh

21   Cause of Action (Doc. #4).  Plaintiff Miguelina Garcia

22   ("Plaintiff") opposes the motion (Doc. #6) and Defendant replied

23   (Doc. #13).[1]  For the reasons set forth below, Defendant's Motion

24   to Dismiss is denied.

25   ///

26

27   ───────────────────
     [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for June 18, 2014.

                                    1

1          I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2          Plaintiff, Gerardo Garcia ("Gerardo"), and Carlos

3   ("Carlos") Garcia (collectively "Plaintiffs") originally filed

4   this action on January 13, 2014, in Sacramento County Superior

5   Court (Doc. #2) against Defendant, Terra Firma Farms, Inc.

6   ("Terra Firma"), and Efrain Sylva Cruz ("Mr. Cruz")

7   (collectively "Defendants").  This action was removed to this

8   Court on April 11, 2014, based on federal question jurisdiction,

9   28 U.S.C. § 1331.  Id.  In the complaint, Plaintiffs allege

10  eighteen causes of action: (1) discrimination in violation 42

11  U.S.C. § 2000e et seq.; (2) sex discrimination in violation of

12  California Government Code § 12940(a); (3) harassment in

13  violation of California Government Code § 12940(j);

14  (4) retaliation in violation of 42 U.S.C. § 2000e-3(a);

15  (5) retaliation in violation of California Government Code

16  § 12940(h); (6) breach of contract; (7) failure to prevent

17  discrimination in violation of California Government Code

18  § 12940(k); (8) assault; (9) sexual battery; (10) intentional

19  infliction of emotional distress; (11) negligent infliction of

20  emotional distress; (12) negligent hiring, supervision, and

21  retention; (13) constructive discharge in violation of public

22  policy; (14) wrongful discharge in violation of public policy;

23  (15) violation of California Civil Code § 51.9 Unruh Act;

24  (16) violation of California Civil Code § 51.7 Unruh Act;

25  (17) violation of California Civil Code § 52.1 Unruh Act; and

26  (18) violation of California Labor Code § 1102.5 Whistleblower

27  Protection (Doc. #2).

28          Plaintiffs were allegedly employed by Defendant to provide

2

1    Terra Firma with farm labor.  Compl. ¶¶ 16-19.  From June 2012

2    to July 2012, Plaintiff worked on the farms owned by Terra Firma

3    and under Mr. Cruz's supervision.  Id. ¶¶ 16, 26.  On June 13,

4    2012, Mr. Cruz allegedly whistled at Plaintiff and told her she

5    was "pretty" and that she had "a big ass."  Id. ¶ 24.  On July

6    29, 2012, Mr. Cruz allegedly approached Plaintiff and directed

7    her to walk ahead of him into a nearby tomato field.  Id. ¶ 28.

8    Once in the field, he allegedly forced Plaintiff "to the ground,

9    sexually assaulted her, committed battery against her and

10   attempted to rape her."  Id. ¶ 29.  She escaped and called the

11   police, who arrested Mr. Cruz.  Id.  Plaintiff did not return as

12   an employee of Defendant or Terra Firma. Id. ¶ 32.  Plaintiff

13   alleges that she suffered serious emotional distress as a

14   result.  Id. ¶ 112.

15       Plaintiffs Gerardo and Carlos are Plaintiff's father and

16   brother respectively.  Id. ¶ 17.  Gerardo and Carlos allege that

17   they were terminated by Terra Firma for assisting in the police

18   investigation of Mr. Cruz's sexual assault and battery.  Id. ¶

19   33.

20

21                       II.   OPINION

22       A.   Judicial Notice

23       Defendant requests judicial notice of (1) Plaintiffs'

24   Superior Court Complaint dated January 13, 2014; (2) Plaintiff's

25   Workers Compensation Appeals Board Application dated August 14,

26   2012; (3) Plaintiff's Workers Compensation Appeals Board

27   Application for Increased Award for Serious and Willful

28   Misconduct; (4) Defendant's Sacramento Superior Court Demurrer to

                              3

1  Plaintiffs' Complaint; and (5) Defendant Terra Firma's Notice of

2  Removal to Federal Court.  Def.'s Request for Judicial Notice

3  ("DRJN"), Doc. #4-3, Ex. A-E.  In response, Plaintiff objects to

4  the third item in Defendant's request for judicial notice.  See

5  Opp. at 6.

6       Because Plaintiff's complaint (item #1) and the Notice of

7  Removal (item #5) are already part of the record, the Court

8  denies Defendant's requests.  Further, the Court denies

9  Defendant's request for judicial notice as to the remaining

10 documents because they are not necessary for the determination of

11 this motion.

12      B.   Discussion

13      Defendant moves to dismiss Plaintiff's eleventh cause of

14 action for negligent infliction of emotional distress ("NIED")

15 because the claim is barred by the exclusive remedy provision in

16 California's workers' compensation law.  Plaintiff argues that

17 she can pursue a NIED claim because the exclusivity provision

18 does not bar NIED claims that do not result in personal physical

19 injury or death.

20      Under California Labor Code section 3600 ("Section 3600"),

21 an employer is liable under California's worker compensation law

22 "for any injury sustained by his or her employees arising out of

23 and in the course of the employment."  Cal. Labor Code § 3600.

24 Section 3602(a) provides that when an injury is compensable under

25 Section 3600, recovery under Section 3600 is the employee's "sole

26 and exclusive remedy."  Cal. Labor Code § 3602(a).

27      The parties dispute the standard the Court should apply to

28 determine whether the NIED claim is barred by the exclusive

1   remedy provision, in part, because there is a split in authority.

2   See Opp. at 6 (alluding to the split in authority).  The Ninth

3   Circuit has held that California workers' compensation law does

4   not bar claims for infliction of emotional distress if the

5   injuries are purely emotional and do not result in physical

6   injury.  Robards v. Gaylord Bros., Inc., 854 F.2d 1152, 1157 (9th

7   Cir. 1988) (interpreting Cole v. Fair Oaks Fire Protection Dist.,

8   43 Cal.3d 148 (1987)).  Contrastingly, a California court of

9   appeal rejected the physical versus non-physical injury

10  distinction outlined in Robards, holding that "an employee is

11  confined to workers' compensation recovery for emotional injuries

12  negligently inflicted as part of the normal employment

13  relationship."  Robomatic, Inc., v. Vetco Offshore, 225

14  Cal.App.3d 270, 275 (1990).

15      This Court, however, must follow the binding Ninth Circuit

16  decision if there is no California Supreme Court decision.  See

17  Brewster v. Cnty. of Shasta, 112 F. Supp. 2d 1185, 1188 n.5 (E.D.

18  Cal. 2000) ("While in the absence of other evidence, the opinions

19  of California courts of appeal on questions of California law

20  cannot simply be ignored, a conflicting decision of the Ninth

21  Circuit obligates adherence by this court to the Circuit's

22  decision and rejection of the non-binding California precedent.")

23  (Internal quotation marks and citations omitted).  Therefore,

24  Robards is binding.  See Chavira v. Payless Shoe Source, 140

25  F.R.D. 441, 447 (E.D. Cal. 1991) (noting the split in authority,

26  but following Robards because "the California Supreme Court has

27  not yet resolved the issue, and until it does this Court is bound

28  by the Ninth Circuit's reading of California law, as set out in

1  Robards").

2  Here, Plaintiffs broadly allege that they suffered serious

3  emotional distress and suffered "great anxiety, embarrassment,

4  anger, loss of enjoyment of life, injury to reputation, and

5  severe emotional and physical distress in an amount to be

6  determined at trial."  Compl. at ¶115.  Even though Plaintiffs

7  allege "physical distress," the term is too vague and refers to

8  all three Plaintiffs.  Therefore, the Court finds that Plaintiff

9  has not alleged a resulting disabling or physical injury.

10  Accordingly, as in Robards, Plaintiff's NEID claim is not barred

11  by the exclusivity provision of workers' compensation law.

12  Further, even under the test established by the California

13  court of appeal, Plaintiff's claim is not barred because her NIED

14  claim is based on sexual harassment, conduct that violates

15  California public policy and is therefore, beyond the normal

16  risks of the employer and employee relationship.  See Hernandez

17  v. Hard Rock Cafe Int'l (USA), Inc., 2:07-CV-1088 FCD-DAD, 2007

18  WL 2782624, at *3 (E.D. Cal. Sept. 24, 2007) (holding that the

19  plaintiff's NIED claim was not barred by workers' compensation

20  law because it was based on sexual harassment, which exceeds the

21  normal risks of the employment relationship.); Rascon v.

22  Diversified Maint. Sys., 1:13-CV-1578 AWI-JLT, 2014 WL 1572554,

23  at *10 (E.D. Cal. Apr. 17, 2014) ("Courts have found that NIED

24  claims based on sexual harassment or failure to prevent sexual

25  harassment are not preempted by the workers' compensation law.")

26  (citing Hernandez, 2007 WL 2782624).

27

28

III.   ORDER

For the reasons set forth above, the Court denies Defendant's Motion to Dismiss Plaintiff's Eleventh Cause of Action.

IT IS SO ORDERED.

Dated: July 30, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7